## Case No. 4,567.

### EVANS v. PITTSBURG.

[19 Leg. Int. 4; 4 Leg. & Ins. Rep. 3.]

Circuit Court, W. D. Pennsylvania. Jan. 3, 1862.

GRIER, Circuit Justice. The writ of mandamus, though originally treated as a prerogative writ, has in modern times been used as a remedial process, and has been liberally interposed for the benefit of the citizen and the advancement of justice. Whenever a party had a legal right, and no other specific legal remedy, this will not be denied—nor will it be a ground of refusal that the party might have a remedy in equity, or even that there may be another remedy, if such remedy be obsolete. The great multiplication of corporations, both municipal and private, of modern times; the readiness of legislatures in conferring on them most extensive and dangerous powers, demand of the courts the most liberal application of this remedy to prevent a failure of justice.

The act of assembly of this state, passed on the 15th of April, 1834, relating to counties and townships, presents a method by which those having judgments against these quasi corporations may have a remedy by

means of the remedial writ of mandamus; and as these corporations have no property which could be properly made subject to levy and sale, it restrains the use of other process. It is but the legislative extension of the common law remedy of mandamus, and a modification of the process to suit the peculiar functions and officers of these anomalous corporations, and make it more simple in practice; as it issues only where a court of justice has given a judgment, which makes it the duty of the officers of the corporation to pay a certain sum of money, it dispenses with the form of an alternative mandamus. It assumes that the officers whose duty it was to lay and collect taxes sufficient to pay all just demands against the corporations have done so, and gives the party aggrieved a right to satisfaction out of the moneys in the treasury unappropriated; and if there be no such moneys, then out of the first moneys that shall be received. Now it is true, that the peculiar form of process is presented in an act relating to these quasi corporations, and in its letter refers only to counties and their peculiar officers called "commissioners;" and that cities, which are public chartered corporations, having much more enlarged powers, privileges and duties, are not specifically named. Cities often are possessed of stocks and other property not devoted to special public use, which might well be levied on to satisfy a judgment against it. But where a city has no such property, (as in this case,) and its officers obstinately refuse to satisfy a claim which courts of justice have pronounced to be legal and just, there will be an entire failure of justice unless this remedial writ of mandamus be issued and enforced by the court whose judgment is publicly set at defiance. States claiming sovereign, or quasi sovereign powers, may repudiate their contracts if they are content to abide the scorn of the civilized world, because there is no superior with power to compel obedience. But this sovereign right to defraud makes no part of the privileges or immunities granted by the charters of city corporations. They are subject to the laws as much as private corporations or individuals, and where the court has adjudged that they shall pay a sum of money due on their contracts, it is bound to find a remedy for the party aggrieved by their refusal. This modification of the mandamus process by the legislature, has the merit of simplicity in form, while it is effective for the purposes intended, and accordingly the supreme court of the state, in the case of Monaghan v. City of Philadelphia, have unanimously decided, that "although cities are not expressly named, yet they are clearly within the spirit of the act." Besides, by the act of 16th June, 1836, (section 3), "relative to the jurisdiction and power of courts," it is made the duty of the supreme court, to devise and establish such new writs and forms of proceedings as in their opinion shall be necessary and convenient, &c. That court, had, therefore, full power and authority to adopt this remedial writ, devised by the legislature, in the act regulating counties, and apply it to the case of cities—and by this decision they have done so, sic volo sic jubeo would have been a sufficient reason. The suggestion that the city of Philadelphia embraces the whole counties, like many other cumulative reasons, adds nothing to the heap. This court has by rules adopted the form of state process as construed and confirmed by the supreme court. In a former case in this court, decided by my Brother McCandless, the motion was to set aside an execution levied on stocks belonging to the city. The counsel for the city then contended that the only remedy which the court had an authority to give was this writ of mandamus. But the court refused to set aside the execution and levy, because the prohibition of other process in the act would only apply to the case of a county, and was very properly intended to prohibit the levy and sale of the court-house, jail and other property held for the public use—and that the process of mandamus adopted by the court, need not be resorted to in this court where the plaintiff had another sufficient remedy by levy and sale of stocks and other property not so used.

The question as to the power of this court to issue a mandamus in such case, is decided in the case of Knox Co. v. Aspinwall, 24 How. [65 U. S.] 383. Mandamus issued.